**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

KARL H. WALLACE,

    Plaintiff,

v.                                                                           Case No: 5:17-cv-27-Oc-30PRL

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

## ORDER

After receiving an excess verdict against Defendant, Plaintiff amended his complaint to sue Defendant for bad faith. Within 30 days of filing the amended complaint, Defendant removed the bad faith action. Plaintiff argues removal was improper because it was too late. But the Court concludes Defendant's removal was too early, and thus grants remand because the bad faith action has not yet accrued.

## FACTUAL BACKGROUND

In April 2014, Plaintiff sued Defendant, his auto insurer, in Florida state court for denied uninsured/underinsured motorist ("UM") benefits related to a 2012 auto accident.[1]

---

[1] The case was filed in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, and is case number 2014-00930-CA.

In October 2016, Plaintiff's case went to trial, and the jury returned a verdict in favor of Plaintiff totaling $751,000. This verdict was in excess of the UM policy limits.

Shortly after trial, Plaintiff moved to amend his complaint to assert a bad faith action against Defendant. Defendant then moved for a new trial. The state court granted the motion for leave to amend on December, 21, 2016. The state court also entered a partial final judgment against Defendant on January 18, 2017, which was amended on February 15, 2017. The state court also denied Defendant's motion for new trial on February 15.

Defendant removed the bad faith action to this Court on January 20, 2017. That is within 30 days of filing of the amended complaint and two days after the state court entered partial final judgment. On February 15, 2017—the same day the amended final judgment was entered—Plaintiff moved to remand. Defendant responded to the motion to remand on March 16, 2017. The next day, Defendant appealed the partial final judgment and denial of the motion for new trial to Florida's Fifth District Court of Appeal.[2]

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *U.S. v. Rojas,* 429 F.3d 1317, 1320 (11th Cir. 2005). As a result, the removal statutes are strictly construed. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001). And any doubts about jurisdiction should be resolved in favor of remand. *Univ. of S. Ala.,* 168 F.3d at 411.

---

[2] The appeal is case number 5D17-813.

2

Plaintiff argues Defendant's removal was late under 28 U.S.C. section 1446(b).[3] Plaintiff specifically argues that Defendant waived removal by failing to remove the action (1) within 30 days of service of the initial complaint; (2) within one year of service of the initial complaint; and (3) within 30 days from when it first became ascertained that the case became removable. The Court disagrees that removal was late.

Instead, the Court concludes that removal was premature. As this Court has explained, the time restrictions on removal in section 1446(b) do not start until a bad faith claim accrues. *Barnes v. Allstate Ins. Co.*, No. 8:10-CV-2434-T-30MAP, 2010 WL 5439754, at **1–3 (M.D. Fla. Dec. 28, 2010); *Rock v. State Farm Mut. Auto. Ins. Co.*, No. 8:12-CV-2890-T-30AEP, 2013 WL 230248, at *2 (M.D. Fla. Jan. 22, 2013); and *Wallace v. Geico Gen. Ins. Co.*, No. 8:14-CV-1755-T-30AEP, 2014 WL 4540328, at *2 (M.D. Fla. Sept. 11, 2014). This Court has further explained that a bad faith action is not ripe until the appellate process is complete. *Barnes*, 2010 WL 5439754, at *3 (citing *Leitstein v. QBE Ins. Corp.*, 609 F. Supp. 2d 1311, 1312 (S.D. Fla. 2009); and *Rock*, 2013 WL 230248, at *3. Because Defendant appealed the partial final judgment and denial of its motion for new trial, the bad faith action is not yet ripe. So, contrary to Plaintiff's contention that the action was removed too late, the Court concludes removal of the bad faith action was premature.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  Plaintiff's Motion to Remand to State Court (Doc. 10) is GRANTED.

---

[3] Plaintiff cites to an older version of the statute in his motion that fails to take into account a subsequent amendment. But the differences are unimportant for resolution of Plaintiff's motion.

3

2. The Clerk is directed to remand this action to the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida. The Clerk is also directed to forward a certified copy of this Order to that court.

3. The Clerk is directed to terminate any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of March, 2017.

    _____
    JAMES S. MOODY, JR.
    UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record